## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES R. GROVE,** <br> **DENNIS S. KRONE,** <br> **PATRICIA STEGMAN, and** <br> **DANIEL RILEY,** <br>     **Plaintiffs** <br><br> v. <br><br> **CITY OF YORK,** <br> **PENNSYLVANIA,** <br>     **Defendant** | : Civil No. 1:05-CV-02205 <br> : <br> : **JUDGE SYLVIA H. RAMBO** |

### <u>M E M O R A N D U M and O R D E R</u>

Before the court is Defendant City of York's Motion to Exclude Certain Testimony and/or Evidence at the Time of Trial (Doc. 32). Defendant filed a brief in support of its motion on October 10, 2006 (Doc. 33). Plaintiffs have not filed a brief in opposition to the motion.

As an initial matter, Plaintiffs are deemed not to oppose the motion. Under Local Rule 7.6, "[a]ny party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion." The day count begins on the day after the initial brief is filed. Fed. R. Civ. P. 6(a). If the time period is eleven days or more, "intermediate Saturdays, Sundays, and legal holidays are included in the number of days in which a party must respond." *Id.* Fifteen days from October 10, 2006 was October 25, 2006. Plaintiffs did not file a brief in opposition to Defendant's motion on or before October 25, 2006. Because

Plaintiffs failed to file an opposition brief under Local Rule 7.6, Plaintiffs are deemed not to oppose the motion.

The wording of Defendant's motion, however, is so broad that the court cannot grant the motion wholesale. Defendant seeks to exclude "[a]ny and all testimony and/or documentary evidence pertaining to events which transpire [*sic*] during the 2002 and 2003 Halloween Parades." (*Id.* ¶ 17.) Defendant notes that Plaintiffs executed a General Release and Settlement Agreement ("Agreement") that released the City of York from all "actions and causes of action, suits, . . . claims and demands whatsoever in law or equity" arising out of the Halloween parades held in the City of York in 2002 and 2003 ("Parades"). (Agreement at 1.) Defendant argues that this release bars, as a matter of law, any first amendment claims arising out of the Parades. (Doc. 33 at 5.) Defendant further argues that any evidence about the Parades is irrelevant or, if relevant, the probative value of such evidence is substantially outweighed by the unfair prejudice it would visit upon Defendant. (*Id.* at 5-8.)

As Plaintiffs concede in their brief in opposition to Defendant's motion for summary judgment, "claims asserting a cause of action for events arising out of the Parades are barred" by the Agreement. (Doc. 35 at 10.) Preclusion is proper for testimony or evidence that would relitigate the legal issues settled by the Agreement or initiate a new cause of action arising out of the Parades. The court is not convinced, however, that all documentary evidence or testimony having to do with the Parades should be excluded. As Defendant itself admits, Plaintiffs allege that Defendant has a policy, practice, and custom of discriminating against anti-abortion activists. (Doc. 33 at 7.) Thus, evidence about the facts of the interaction of

2

Plaintiffs and Defendant with regard to the Parades is relevant to showing such a policy, practice, and custom as it may have continued during the Halloween parades in the City of York in 2004 and 2005.

Defendant has failed to show why all of the evidence regarding the Parades should be excluded because of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Ev. 403. As the Third Circuit has observed, relevant evidence should be excluded "sparingly" under Rule 403. *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992). Evidence about the actions taken by the City of York during the Parades may not be flattering to Defendant, but it would not be unfairly prejudicial. The jury will not be in danger of confusing the issues to be litigated because evidence about the legal disputes arising from the Parades will be precluded from admission by this order. The jury will hear the facts about the Parades as they relate to the policy, practice, and custom of Defendant regarding its treatment of anti-abortion activists. There is no indication that a jury would be misled by such evidence.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) Defendant's Motion to Exclude Certain Testimony and/or Evidence at the Time of Trial is **GRANTED** to the extent that testimony and evidence concerning the legal issues settled by the General Release and Settlement Agreement will be precluded at trial; and

      2) Defendant's Motion to Exclude Certain Testimony and/or Evidence at the Time of Trial is **DENIED** with respect to testimony and evidence about the 2002 and 2003 Halloween parades in the City of York that goes to Defendant's alleged custom, policy, and practice of discrimination against anti-abortion activists.

                                        s/Sylvia H. Rambo  
                                        SYLVIA H. RAMBO  
                                        United States District Judge

Dated:  November 1, 2006.