IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. GROVE; DENNIS S. KRONE; PATRICIA STEGMAN, and DANIEL RILEY,  :<br><br>**Plaintiffs**  :<br><br>v.  :<br><br>CITY OF YORK, PENNSYLVANIA; MAYOR JOHN S. BRENNER, in his official and individual capacities; POLICE COMMISSIONER MARK L. WHITMAN; in his official and individual capacities; and DONALD B. HOYT, Solicitor, in his official and individual capacities,  :<br><br>**Defendants**  : | CIVIL ACTION NO. 1:CV-05-2205<br><br>JUDGE SYLVIA H. RAMBO |

**M E M O R A N D U M**

Before the court is Plaintiffs' petition for attorney's fees and costs. (Doc. 59.) For the reasons that follow, the petition will be granted.

**I.   Background**

This case began when Plaintiffs filed a civil suit against the City of York, Mayor John Brenner, Police Commissioner Mark Whitman, and Assistant City Solicitor Donald Hoyt. The individual defendants were sued in their individual and official capacities. Plaintiffs participate in numerous street preaching activities in the City of York, particularly anti-abortion protests. They alleged that Defendants violated their rights to free speech, free assembly, and free exercise of religion by placing their entry last in the Halloween Parades held in York in 2004 and 2005.

On September 25, 2006, the parties filed a joint motion and stipulation pursuant to Federal Rule of Civil Procedure 41(a) to dismiss all remaining claims against the individual defendants. (Doc. 21.) The same document stipulated that all official capacity claims merged, as a matter of law, with the claims against the city itself. (*Id.*) On January 10, 2007, this court granted partial summary judgment for Plaintiffs. (Doc. 57.) The court concluded that the City of York violated Plaintiffs' rights of free speech and free assembly, but did not violate Plaintiffs' right to free exercise of religion. After the summary judgment memorandum and order was issued, the parties represented to the court that a jury trial on the remaining issues of fact would not be necessary. Defendant agreed to pay one dollar to Plaintiffs in nominal damages. Plaintiffs indicated that the instant motion for attorney's fees would be forthcoming.

## II.     Discussion

In its discretion, a trial court may award a "reasonable attorney's fee" to the "prevailing party" in an action to enforce 42 U.S.C. § 1983. 42 U.S.C. § 1988. The City of York does not dispute that Plaintiffs are the prevailing party in this matter. The City does dispute the reasonableness of Plaintiffs' counsel's requested fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" are not "reasonably expended." *Id.* at 434. The attorney for the prevailing party must exclude those hours from her fee petition or the court must reduce the hours accordingly. *Id.* An amount so calculated is presumed to be "reasonable" for purposes of § 1988. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). That amount is the "lodestar" amount from which the trial court, in its exercise of discretion, may adjust upward or downward. *Hensley*, 461 U.S. at 434.

The court has reviewed the submitted affidavits and records in support of Plaintiffs' petition for attorney's fees. The hours devoted to the matter are not out of line. Attorney Boyle avers that he has reviewed the records and eliminated all hours that were duplicative, excessive, or unnecessary. (Doc. 59 ¶ 5.) The City of York has not challenged that statement and the court has no reason to assume that Mr. Boyle has not done so. The fees requested for each individual who worked on this matter are reasonable because they correspond with the standard market rate for professionals of their caliber. Thus, the court finds that the 227.60 hours of work devoted to this matter is reasonable. The lodestar amount that follows from multiplying the hours of work per individual times their billing rate – $48,487.50 – is presumed reasonable.

The City disputes the reasonableness of the lodestar for two reasons. The primary argument in opposition to the attorney's fees requested is the limited success achieved by Plaintiffs, having won two out of three claims and having received nominal damages of one dollar. The City also argues that the fee petition is vague and lacking in detail. These arguments are unavailing, as discussed below.

### A.      Limited Success

The result obtained in a case is an important factor in determining an award for attorney's fees. When a plaintiff prevails on some but not all of its asserted grounds for relief, the court must look to the nature of all claims alleged to determine whether time spent on losing claims should be compensated. *Spellan v. Bd. of Educ.*, 59 F.3d 642, 645 (7th Cir. 1995). If all claims are legally and factually related and it appears that counsel's time has been spent on the litigation as a whole, compensation for work on all of the claims, even unsuccessful ones, is appropriate. *Hensley*, 461 U.S. at 435; *Lerman v. Joyce Int'l, Inc.*, 10 F.3d 106, 114 (3d Cir. 1993).

Plaintiffs' complaint contains three counts: (1) violation of their right to free speech; (2) violation of their right to peaceful assembly; and (3) violation of their right to

free exercise of religion. No one cannot doubt that these claims are factually and legally related. All injuries alleged fall under the First and Fourteenth Amendments to the United States Constitution. They all relate to the Halloween Parades held in York in 2004 and 2005. The same people were involved in each incident. The research and preparation for this case could not be isolated into distinct and unrelated claims. Where successful and unsuccessful claims arise out of a common core of facts, it is difficult to divide hours expended on a claims-by-claim basis. *Hensley*, 461 U.S. at 435. This court declines to attempt to parse the hours spent on free speech and assembly versus free exercise of religion.

An award of nominal damages in a civil rights case *may* result in low or no compensation for attorney's fees. *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). This is only true when a plaintiff does not prove actual, compensable injury or his victory is purely technical. *Id.* at 114-15. These technical victories must be distinguished from cases in which a plaintiff is awarded nominal damages but his victory is more substantial in terms of vindication of rights. "Nominal relief does not necessarily a nominal victory make." *Id.* at 121 (O'Connor, J., concurring).

The court finds some guidance in evaluating attorney fees in a case with nominal damages from the concurring opinion of Justice O'Conner in *Farrar*. She cited several relevant factors to consider: the extent of relief, the significance of the legal issues on which the plaintiff prevailed, and the public purpose served by the litigation. *Id.* at 122. Thus, the relief sought by the plaintiff is a consideration, but this factor is not decisive because "an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved." *Id.* at 121. A court should look to the importance of the issue on which the plaintiff prevails, i.e. whether the plaintiff's success serves some public good such as deterring future misconduct. *Id*. at 122.

Here, it is true that Plaintiffs sued for compensatory damages but received only nominal damages of a dollar. They also sought, however, a declaratory judgment and an injunction against the City of York from stifling their rights of free speech, free assembly, and free exercise of religion. The court acknowledges that, while this lawsuit was pending, the City of York ceded responsibility for the yearly Halloween Parade to a private organization. Even so, the First Amendment rights at issue are important. This case has served the public good by deterring future violations of the First Amendment by the City of York, even if not in the context of the Halloween Parade. Further, cases based in the First Amendment do not often involve large recovery in compensatory damages. If litigants did not have the hope of recovery attorney's fees, they would be chilled from bringing suit. Attorneys would be chilled from accepting First Amendment cases unless their clients proved an ability to pay. Under these circumstances, constitutional rights trampled upon would go unvindicated. *See Del. Valley*, 478 U.S. at 560. Thus, the court concludes that Plaintiffs achieved much more than a *de minimis* success in spite of the nominal damages award of one dollar.

### B. Specificity of Time Records

The City of York urges this court to reduce or eliminate the award of attorney's fees because the billing record provided by Plaintiffs' counsel is not sufficiently specific. York maintains that the line items regarding phone calls, summary judgment preparation, and trial preparation are too vague for this court to deem them reasonable. The court disagrees. The record entries of Plaintiffs' counsel's telephone calls show the date and time of the call, and to whom and from whom the calls were made. Most of those calls were to the client, but there were many to defense counsel and some to the investigator. The City has challenged the subject matter and purpose of the calls, but has provided the court no reason to conclude that they were made for a purpose unrelated to the issues in this case.

The record entries of Plaintiffs' counsel's summary judgment work show who performed the work, the time spent and the general work performed. As Plaintiffs note, Defendant has a copy of the resulting motion and briefs in which the issues involved may be found. The court has already addressed the propriety of awarding fees on all three claims raised in the summary judgment motion and briefs.

The record entries of Plaintiffs' counsel's trial preparation are sufficiently detailed for the court to conclude that they are reasonable. In the Third Circuit, a fee petition should include "some fairly definite information as to the hours devoted to various general activities, *e.g.*, pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, *e.g.,* senior partners, junior partners, [and] associates." *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973); *accord Carpenter Tech. Corp. v. Armco, Inc.*, 808 F. Supp. 408, 411 (E.D. Pa. 1992). However, "[i]t is not necessary to know . . . the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Lindy Bros.*, 487 F.2d at 167. The City argues that two entries, November 1, 2006 and November 3, 2006, are without sufficient detail for the court to grant fees based upon them. On November 1, for 3.10 hours, Attorney Boyle "prepare[ed] for trial," drafted the pretrial memorandum and reviewed the file. (Pls.' Mot. for Att'y Fees & Costs Ex. B.) On November 3, for 4.60 hours, Attorney Boyle "continu[ed] preparation for trial." (*Id.*) While the court agrees with the City that "prepared for trial" and "continued preparation for trial" are not highly detailed, the court concludes that the description is within the bounds articulated in *Lindy Bros.*

### III.     Conclusion

A fee petition is required to be specific enough to allow the district court "to determine if the hours claimed are reasonable for the work performed." *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983).  Plaintiffs' counsel's invoice attached to the petition for fees and costs adequately meets the above criteria.  The petition will be granted.

                                                       s/Sylvia H. Rambo
                                                       SYLVIA H. RAMBO
                                                       United States District Judge

Dated:  March 22, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES R. GROVE; DENNIS S. KRONE; PATRICIA STEGMAN, and DANIEL RILEY,**<br><br>　　　　**Plaintiffs**<br><br>　　　v.<br><br>**CITY OF YORK, PENNSYLVANIA; MAYOR JOHN S. BRENNER, in his official and individual capacities; POLICE COMMISSIONER MARK L. WHITMAN; in his official and individual capacities; and DONALD B. HOYT, Solicitor, in his official and individual capacities,**<br><br>　　　　**Defendants** | **CIVIL ACTION NO. 1:CV-05-2205** |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for attorney's fees and costs is granted in favor of Plaintiffs and against Defendant City of York as follows:

　　Attorney Fees　　　　　　$48,587.50

　　Costs　　　　　　　　　$ 1,036.61

　　　　　　　　　　　　　　　　s/Sylvia H. Rambo
　　　　　　　　　　　　　　　　SYLVIA H. RAMBO
　　　　　　　　　　　　　　　　United States District Judge

Dated: March 22, 2007.

1